The next case for argument is the United States of America v. Juan Manuel Perez. Ms. Brill? May it please the Court, Alison Brill on behalf of Juan Manuel Perez. I'd like to reserve three minutes for rebuttal. Application of an incorrect guideline range presumptively Could you move the microphone a little closer? I think we'll hear you better. It is. Yes, before you get into what I think your first sentence is going to be, I have a couple of questions. I just want to see if I'm correctly understanding this case. You did not argue in any of your briefs a presumption of prejudice. Your argument has been consistent that there's no need for a presumption or even to get into presumptions because you've shown prejudice sufficient to satisfy the third prong of the plain error test, correct? I did not raise it in the opening brief. I believe in the reply brief. Alana, when it talks about the presumption of prejudice, it's if a defendant cannot prove, cannot meet its burden of prejudice, then the presumption would apply. In the reply brief, Mr. Perez can make a specific showing of prejudice, thereby obviating the need to presume prejudice. I do agree with you. I believe that if this Court finds that Mr. Perez cannot meet his burden, then the presumption is absolutely on point. And you concede that, under Alana, the burden to show prejudice is yours and the same plain error standard that we've been applying forever is applicable here. I mean, you cite for the burden Alana, which is a Supreme Court case in 1993. I guess it's the seminal case on plain error review, a case the Supreme Court recently applauded in Marcus. Sure. Can you tell me what United States v. Knight has to do with this case? Sure. United States v. Knight applied, just to go back to your question about Alana giving the defendant the presumption, sorry, the burden. Alana set forth three different ways that a court can review a forfeited error. One would be the standard plain error, the normal case, the ordinary case, where the defendant bears the burden on all four prongs. The area of structural error, which is not at issue here. And a third error that the court identified but has not really gone into, that would be what's at issue here, that when a court can presume prejudice when a defendant cannot prove it. But you're not alleging that. You're not arguing that we should presume prejudice. I am arguing that Knight is on point in this case because it deals with overlapping ranges when the guideline has been met. Whoa, whoa, whoa. Okay. Yes. Okay. Because of the overlapping ranges. I suggest you're not really arguing presumption of prejudice, but assuming you are. Assuming you're not alleging, you know, you can show prejudice, so therefore you don't need the presumption. How are the ranges overlapping here? I know the government uses the phrase overlapping ranges over and over, even up to the 28J letter that we received a couple of days ago. But the ranges here, in my view, I don't know, let's see now, 33. Without the statutory maximum, the range would have been 33 to 41. 33 to 41 was the incorrect range. The correct range is 21 to 27. So how are they overlapping? Respectfully, when the statutory maximum kicks in, that becomes the range. So the incorrect range. But how are the, no, no, no, but the overlapping range cases deal, the 21 to 27 has to overlap with 33 to 41, and it doesn't. Sorry, may I suggest that the ranges in this case are 24 months  The court found the incorrect guideline range, the court found the guideline range to be 33 to 41 months, and that was an incorrect range, correct? And did not overlap with the correct range. The court applied the statutory maximum and found that the range was 24 months. The record is not laid out as explicitly as it could be. The range that the court was applying was 24 months. That was the incorrect range. The correct range, if we haven't been clear in the briefing, is 21 to 24 months. But this is not the standard overlapping range case that we've seen before. Sure. I've never seen an overlapping range case if this is what it is. Yes, and in fact, the overlapping ranges in violations of supervised release are more rare than in the typical guideline where they overlap more frequently. The judge found, she found the guideline range to be 33 to 41 months, which is why when she imposed the statutory maximum, she said you've already had a lot of leniency because that's the range. So I don't know what's overlapping. But in any event, the incorrect range, and this is the second part of night, was not applied here. The incorrect range. The sentence was not applied within the incorrect range. The sentence that was applied was the statutory max, which came within the correct range. So for two reasons, I don't know what night has to do with this case. The 24 months is within the correct range. The sentence that was imposed. Correct range. Yes, and the incorrect range is 24 months. The holding of night. Under plain error of doctrine, application of an incorrect guideline range presumptively affects substantial rights, even if it results in a sentence that's also within the correct range. The incorrect range here of 33 to 41 was not applied. Can I just direct you to A34? The range the court employed was the maximum, the statutory maximum of 24 months. No, not that it employed. The range that the judge thought was applicable, if the sentencing guidelines would apply, was 33 to 41, right? Yes, and then the next staff. But the statutory maximum trumps the guidelines. Sure. So the guideline was not in play. Sure. Actually, the guideline says it was under the guidelines. So your argument is simply that you are arguing prejudice. Is that right? So your argument of prejudice is simply that. In that three months between the 24 statutory maximum and the top end of the 21 to 27, there's a three-month question that the district judge might, just might, have imposed something less, right? That there was a chance within the correct guideline range, I mean between the 21 and the 24, that the judge might have sentenced within that. That's your entire prejudice argument. It wouldn't be the might, just might. It would be a stronger argument. But make sure, did the judge apply an incorrect guideline range here?  How? The beginning of the calculation. The judge did not sentence within 33 to 41 months. That was the incorrect range. And then the next step would be that if the range is greater than the statutory maximum, then that becomes the guideline range. No, that's not the question. The question is, the judge did not sentence within the incorrect range. Correct. Didn't. Couldn't. Couldn't. The judge certainly didn't give the 33 to 41. I absolutely agree. Exactly. Absolutely. So this is not a Knight case for that reason, because that's the holding of Knight as well. And I believe that application of the guideline brought the range down to 24 months. That was the sentence that was imposed. 21 to 24 is the correct range. They do overlap. But is your argument that because the guidelines remain advisory, at least, and because the judge believed 33 to 41 to be the correct range, that that did or at least could have exerted some kind of hydraulic pressure, perhaps, at least entered into her calculus of what was an appropriate sentence under the statutory maximum? Sure. It certainly did. It's not just my finding from the record. It certainly did. Well, that's another matter. Okay. Sorry. There was very few arguments made. It was a very simple sentencing case. The defendant asked for leniency because he had accepted responsibility and pled guilty. That's a standard reason for granting leniency. That's a factor under 3553A. And then the government said leniency is built into the application of the stat max, and then the judge accepted the government's argument that but for the stat max, the range would be 33 to 41. The leniency that was asked for, the government said, was built in, and then the judge agreed with that. If there wasn't a statutory max, and you can see this is your burden at the third step, what in the record shows a reasonable probability that Mr. Perez would have gotten a sentence of 21, 22, or 23 months? If there wasn't a statutory max? If there was not a statutory max. In other words, if there wasn't a statutory max. Why would Mr. Perez get the range? Why would he have gotten a sentence of 21, 22, and 23 months? The sentencing process is based on the very first step that the court has to employ, which is calculating the guidelines. It is absolutely not able to. You calculated them wrong. Sure, and I'm not able to say what the court would have done if presented with a different guideline range. But isn't it your burden at the third step to show prejudice? The burden is to show that the mistake affected the outcome. Certainly here, the court began with that mistake and every other discussion of how. Well, that's the question. How did it affect? What reasonable probability have you shown that it affected the outcome? That's the question. The court was very clear. The guidelines were advisory, but the court began with the guideline and then adopted the government's argument that leniency was built in. You've got three pages of transcripts, essentially. Yes. From some point on page 8 through some point on page 11. Right. That's pretty much what you've got to point to, and you have the burden. I mean, the only part that caught my attention, frankly, was the statement, paragraph 2 on page 8. I would note, as indicated by the government, quite frankly, if there were no statutory maximums in this matter of 24 months, then you would be looking at 33 to 41 months in light of your criminal history category, which is essentially a career offender. Now, I suppose we could look at that and say this is just another example of her relying upon an incorrect guideline, which she acknowledged in the previous paragraph as advisory. Of course. On the other hand, I think you could also look at it and say that this is a judge who thought this guy was worth every bit of 24 months and more. And his criminal history, even with a B violation, would have given him 12 pages in the pre-sentence report. Sure. And the judge considered his criminal history when giving the consecutive. How do you meet your burden at step 3 of the plain error test to show a reasonable probability that Mr. Perez would have gotten a sentence within the law guideline range? Because the judge began with an error and went from there. And if the judge had begun with a different sentence. So your position then would be that every time a judge acknowledges, as she did and as a judge really must, that the guidelines are advisory. The judge knows the guidelines are advisory and the judge is taking account of that. And then makes a miscalculation. We've got to presume prejudice. That's what I hear you saying. That's the import of what I hear you saying. This was a fundamental guideline calculation error that affected the range. What do you mean fundamental? This went to the very core of why the defendant was facing the violation of supervised release. What kind of violation it was. Was it an A or a B? The severity of it. Not only did it increase the range significantly without the stat max from 21 to 27 versus 33 to 41.  You're inferring it went to the judge's reasoning. There's nothing in this transcript that suggests that the nature of that violation did, is there? Well, when the judge says the nature of the offense, an A is much more serious than a B. There are specific reasons. Is this any different than any run-of-the-mill case where a judge makes a sentencing error, an error in calculations? An error at step one? Yeah. Those are very important. I understand they're important, but I think what Judge Smith is saying is that in every case where there's an error, really you're talking about a presumption then, right? A presumption that can be rebutted by the record. The record here shows that the defendant asked for leniency. The government said leniency was included, and the judge adopted that. The judge could have said you don't deserve leniency. The judge instead said I'm giving the 24 months and I'm giving you the consecutive based on this history. Is there any reason to believe, I'll just put the question a little differently, that this judge with this defendant, with this record, with this offense, found anything sympathetic about him? I believe that acceptance of responsibility and the request for leniency was valid. Mr. Perez asked for something that is granted in other cases, and it's a range that should have been considered by the judge. I can't say what the judge would have done. There's substantial discretion. But for those reasons that I've articulated, there didn't seem to be anything that the judge found the least bit sympathetic about Mr. Perez, that she would want to, if there wasn't a statutory max, go down, or even with a statutory max, would give him 21, 22, 23. Within the range, I think it's reasonable that the judge would have given some leniency. What enables you to say that? What in the record enables you to say that? We have very little. He asked for leniency based on one factor, acceptance of responsibility. Mr. Perez wrote to the court saying this violation has been filed for two years. I'd like to come and accept responsibility and plead guilty. The government said no leniency. The leniency is built in. There's very little. He asks for leniency. The government says leniency is built in. The judge adopts that and goes with that, goes with that acceptance of the government's argument to impose the sentence. The judge was absolutely harsh with the sentence on the consecutive. Mr. Perez asked for a concurrent sentence, which is actually zero months. The judge gave a consecutive 24-month sentence. Because she didn't think it reflected the seriousness of what occurred here. Right. And there was room for leniency in other places in the sentence within the range. The facts of what occurred here were not in dispute. Right. Whether it was a grade A or grade B was what turned out to be the outcome. Right. Which was substantial. She didn't want to cause this violation. Right. And that's what she was talking about. She was, but she was presented with an incorrect range. And the entire sentence rationale, which was brief, was tethered to that. If I just briefly in- Quickly, because we're well beyond the time. Yes. If this court does find that Knight is on point, which I believe it is, this is a case of overlapping ranges, the government looks too much into Marcus and Puckett. Those are specific procedural cases, one involving breach of a plea, where the court found that was not structural error. You have, you preserve rebuttal, haven't you? Yes. And I'm sure we're going to hear a lot from the government about Marcus. So we'll have you back on rebuttal, Ms. Brill. Mr. Morimarco. Good morning, Your Honors. Glenn Morimarco on behalf of the government. This didn't open up the way I was expecting. Actually, Judge Berry surprised her colleagues on this one, too. Yes. Essentially, what I see that you've done here is you have erected a straw man only to chop the back. You invoke U.S. v. Knight, which was an overlapping guidelines case, which this is not, in which the higher incorrect range was imposed, which it wasn't here, and you say U.S. v. Knight is not good law. Well, I know U.S. v. Knight may bother you. You know, Knight, error in amicus. We don't like this. We'll get rid of it. You know what? U.S. v. Knight and its presumptions that bother you have been cited, I think, five times in a recorded case of ours in the last 11 years. So I don't know if it's good law. I don't know if it's bad law. But what is U.S. v. Knight? Why do you have to go off in this frolic and a detour when essentially, you know, your friend across the aisle cited Olano, didn't cite Knight? As a not-frolicky kind of guy, will you ask that question? In all candor, the argument you're making never even occurred to me. I mean, I brought Knight to this Court's attention because I thought in candor I had to, because I thought it was directly on point. This is not an overlapping guideline case. I'll go to my grave on that. And number two, the incorrect higher range was not applied. Other than that, what do we have of Knight? I mean, what we have here, and I don't. Maybe I'm right. Agree with me. Please. I've worked very hard on this. Judge Barry, there's a part of me that really wants to agree with you. There's a part of me that agrees with what Ms. Brill was saying as well, which is that under the guidelines, if the calculated guideline range is outside of the statutory maximum, the range becomes the maximum. So, in fact, when she calculated the range to be 31 to 40, whatever it was, but the maximum was 24, the guideline range was 24. But she didn't apply. That's correct. She did not apply the incorrect range. She considered it during the sentencing process. And so that's a way to distinguish Knight if you choose to. Yeah. Yes. And forget about Knight now. Right. And whether it's good law, bad law, it's been cited only five times in 11 years. Is there anything that would bother you? And I suggest that Supreme Court case law makes it very clear. You have to have at minimum, and they haven't even decided this, a structural error to have a presumption at problem three. That having been said, go. Yeah. I mean, look, from the government's perspective, whether or not Mr. Perez serves 21 months or 24 months isn't the reason we're taking the position we have on appeal. I understand it's very important to Mr. Perez. I don't mean to mean it. I don't mean to suggest it's not important to Mr. Perez. Right. You have to apply the law. Right. What I'm trying to suggest is from the government's point of view, what's important here is whether or not Knight and its progeny continue to sort of take down sort of what we see the Supreme Court saying in the plain error comments. Because of the presumption or no presumption. Right. Right. Even though Knight doesn't apply here, we have to consider whether Knight and its progeny take down Supreme Court case law. Well, that's an interesting argument. Well, I mean, if Judge Barry is correct that Knight is an apposite here, then what is applicable in terms of who has the burden and or whether there's a presumption? Well, if Knight is not applicable here, then I think you apply Puckett and Marcus and Olano. Olano. You're exactly where the government wants you to be. If Knight doesn't apply here, then we don't have to decide whether Knight is inconsistent with Puckett and Marcus. Just a run of the mill plain error case, right? There's a sentencing error. We have sentencing errors all the time. You want us in your view to clean up Knight. Is that what this is all about? Because when I read the briefs and referred them on to one of my clerks, I said, anytime the government writes a brief like this, that takes on one or two of our precedents and argues that they're inconsistent with some Supreme Court law, we got to take a good close look at this. And we did. But in the end, it seemed to me, and it's brought home even more after Judge Barry's well-crafted questions, that you want us to clean up any misunderstanding about what Knight says. That's pretty much our objective. And I don't think we were trying to hide that. No. Even I got that. And I'm from Altoona. My first question to Ms. Brill was, what does Knight have to do with this case? And it really doesn't. You don't like it. That's why I said it's like Knight, it's K-N-I-G-H-T, Knight, Arendt, Amicus. Yeah. I wasn't trying to be perfectly. What else don't you like in the Third Circuit? There are a couple of things. But I thought I was taking on enough right as this was already. Why don't you get into the prejudice prong? Yeah. I mean, there's very little in this record, as I think the prior questioning suggested, that's going to allow the defendant to meet her burden or her burden here. What we have, basically, is somebody with 13 prior convictions. And the judge had nothing good to say about this person. And in fairness to the public defenders, the only thing they could come up with is that he accepted responsibility. Well, in a violation of supervised release, where the only violation that's charged is that you committed another crime that you've already pled guilty to, I don't think you get an awful lot of second-tier credit for having already pled guilty. The government could approve that with submitting the judgment of conviction. So there's nothing really here that the judge said over the admittedly short period of time that this was discussed that suggests anything other than she said these were very serious crimes and very serious matters. And she seemed to be very concerned about the 13 prior convictions. And so the suggestion that this would have been a bottom-of-the-guideline sentence, again, the standard is reasonable probability. And while that has some play in it, we know that it's more than just mere conjecture. It's less than preponderance of the evidence, but it has to be more than just it could have happened. And that's why Marcus got shot down, because the Second Circuit basically had adopted the standard of any possibility. And we can't – that was the government's point. We can't – if the burden is placed on the government, we can't rule out the possibility. But the burden isn't on us. Could I – As they concede, the burden is on them in step three. That's why I don't understand why we – If we were writing an opinion which took the path that Judge Barry's questions had suggested, since you've gone to all this difficulty, frolicking or not along the way, what would you want us to say in it by way of clarification? If you – the premise of the question is if you were to decide that – Night doesn't apply. Night doesn't apply. It's not a night case. Well, I like the sort of – the premise of the question, that sentencing guidelines errors are run-of-the-mill kinds of errors that plain – not run-of-the-mill, but they're the kinds of errors that plain error analysis generally applies to. That, I think, is an important statement. I think it is somewhat called into question by Night, which starts talking about this new category of, you know, guidelines errors that are presumptively prejudicial. I thought that was what you – Yeah, but even though I would agree with you on your bottom line about that, I'm just saying you really have to – to invoke Night, you have to have it apply. You just can't pick a case out of – I have to praise Cesar before I can say it. I mean, there's not a lot of good things I can say about Night, but I did think it was implicated in this case. I didn't just sort of snatch it out of thin air. How did you get into Night? Just tell me that. I got into Night because Night was a case in which somebody was sentenced within their correct guidelines range, but this court still said that it was – That, again, is not Night. You have to – they have to apply the incorrect range. Well, she did miscalculate the range, and she talked about it at the sentencing hearing. And you didn't apply it. She didn't apply it because the statute prohibited it. Well, you got into it anyway. You know, as I say, I don't want to build that up too much because that, frankly, obviously is the best argument they have as to why, you know, she might have done something less severe. We really should be talking about prong three. Yeah. Yeah, and obviously I'd like the court to say something nice about prong four as well because I really think that's gotten some short shrift in the circuit, and no offense meant by that, but it's something that's sort of – there's a tendency to sort of say, okay, well, we've shown a substantial – We've allied it over it. Yeah, and the Supreme Court is now saying it has to be fact-specific, case-specific. And it's the defendant's first. And it's the defendant's burden. Well, we don't need Knight to do any of those things. That's right. No. But what's interesting about Knight was – Under a strict – under an application of run-of-the-mill plain error review, it's the defendant's burden at step three and at step four. And the burdens at three and four have only been confirmed by Puckett and Marcus. Well, if you're asking me what's on my wish list, on my wish list I'd like for the fourth prong for the court to suggest that when a defendant is sentenced within their correctly calculated guideline range, it is quite unlikely to be a miscarriage of justice. It seems to me that what the commission said is – and all the court cases say is that reasonableness is a range, not a point. But more important to that, I'm going back to the very beginning of the guidelines. And if you look at the introductory commentary, they say that one of the reasons they've adopted overlapping ranges is so that there will not, in fact, be appeals – they're trying to cut down on unnecessary appeals. Now, we've lost that entirely over time. But I do think when you're talking about a fundamental miscarriage of justice and you have somebody who's sentenced pretty much where the sentencing commission said that these people should be sentenced and it's the sentence that the judge picked, that that's quite a burden at the fourth prong. Is that a startling statement? I mean, it's very clear that's a very tough burden for a defendant to meet. I don't think that's anything – Yeah, I'm just – but if you look at the cases, once you show third prong, it's almost an afterthought. You say, well, of course, the fourth prong is not here. Justice Scalia made quite clear how high the burden is. Yeah. I mean, I say that's inconsistent with a number of cases. Maybe I dragged Knight into this irresponsibly and improperly. But a more clear statement – You still inherit nothing. Don't you know that? Well, as I say, I was – I am very surprised at how this went. It was – I appreciate – Judge Barry is a true Darwinian. Yeah. And I see the point. But this was not a plant. This was – I was thinking, you know, should we confess error based on Knight? You know, and then say, no, let's take Knight on. Let's confess error on even-sided Knight. At this point, Judge Barry, I will defer to your greater wisdom here. And if there are no further questions. Since there's an open wish list, maybe you should huddle up with the Chief back there and see if there's anything else. I'm kidding. I'm kidding. Yeah. Thank you very much. Yeah, on the other hand, quit while you're ahead. Yeah, that's probably right. Thank you. We'll have Ms. Brill back for rebuttal, please. Just one more time to put it on the record. This Court looks at 7B1.4. An accurate guideline calculation would be the 24 months and the 21 to 24 months. Those are the two guidelines at issue. That's my position, and that Knight is applicable in this case. Very quickly, the rationale behind Knight is very important and consistent with Supreme Court law, is consistent with Alano. The government did not indicate that, that there are three different ways to review forfeited error. One is a presumption of prejudice different than the ordinary burden on the defendant. The Supreme Court has not revisited that issue, but it is still good law. And Marcus and Puckett were both clear that it was a debate, a battle between standard plain error and structural error. The kind of error, the kind of presumption at issue in Knight, and that Mr. Perez is asking for in this case, if this Court finds that he cannot meet his burden under the standard plain error review, is still good law. And it's important law because it is broad. I'm not suggesting, and then I'll keep my mouth shut. Go for it. I promise. You're not suggesting, are you, that the error in Knight or the error in this case was structural error? No. No, okay. No, no. And the Supreme Court is clear in Justice O'Connor's opinion in Alano where she discusses this third possibility of a prejudice which hasn't been gone into detail on, it's clear that there are three separate ones. And the cases in this circuit and other circuits that have applied the presumption are clear that there are three different kinds of error, ways to review error. But the reason behind the presumption is that there are very important rights that sometimes cannot be proven by the record but are still important to consider. And sentencing under the guidelines is the most critical thing for most criminal defendants, was very critical here and led to an unfair result. More time in prison, potentially, likely for my client, and also the inability for reasonableness review. When there's a procedural error, this court, it thwarts reasonableness review. And that's the reason under the fourth prong. It's not a per se right to have this court remand the case, but in certain cases there's no way to review it. And that goes to the integrity of the system. It really is the fourth prong. The fourth prong can be met in this case, and it is met. I submit the case should be remanded for resentencing. Thank you. Thank you very much. Thank you, Mr. Brill. Thank you to both the counsel. Thank you to Judge Barry.